### THOMAS v. OGILBY et al.
### No. 5135.

Court of Appeals of District of Columbia.
Argued Oct. 7, 1930.

Decided Nov. 3, 1930.

Harry F. Kennedy, of Washington, D. C., for appellant.

G. Bowdoin Craighill and C. F. R. Ogilby, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of Supreme Court of District of Columbia.

ROBB, Associate Justice.

Appeal from an order of the Supreme Court of the District in general term, four justices sitting, disbarring appellant.

On December 11, 1928, charges containing eight specifications of alleged professional misconduct were filed in the court below and served upon appellant. On January 7, 1929, the date fixed for the trial, appellant filed a motion (1) to dismiss specifications 2 and 3 on the ground that the matters therein complained of had been settled prior to the filing of the charges, and (2) to consolidate specifications 5, 6, 7, and 8, which related to transactions between appellant and a client. This motion was overruled, appellant was given leave to file an answer, and on the same day he filed an extended answer to the charges. The trial was continued until January 21st. Subsequently, by leave of court, amended and supplemental charges repeating in substance specifications Nos. 1 to 8, and adding seven additional specifications, were filed. Appellant was given until March 20th to answer the amended charges and the trial set for April 8th. On March 20th appellant filed motions to dismiss specifications Nos. 2, 3, and 9, and to consolidate specifications 5, 6, 7, and 8. These motions, being practically identical with those filed and overruled on January 7th, were ordered stricken from the files, and appellant excepted.

On April 8, 1929, witnesses having been summoned by the Grievance Committee and appellant, the case was called for trial. Thereupon counsel for appellant filed a demurrer which was overruled as filed too late, appellant excepting. Thereupon counsel for appellant tendered a plea, which was overruled as filed too late. Subsequently, the committee contending that the plea contained scandalous and impertinent matter, the court ordered that it should not be filed. Before the case was closed counsel for appellant was afforded an opportunity to argue the question of law raised by the demurrer, but did not avail himself of the privilege.

The committee offered evidence in support of specification No. 11, and appellant was afforded an opportunity to offer evidence in reply. The committee suggested that the specifications be taken up separately because the facts involved in some of the charges were complicated. The court ruled that this procedure would be adopted. Counsel for appellant objected, stating that he was not prepared to try the case that way, and declined to offer any evidence in regard to specification No. 11, and noted an exception to the court's ruling.

The committee then offered evidence in support of charge No. 9, and appellant thereupon testified in his own defense in regard to that charge.

The committee then directed attention to the fact that specifications 1, 2, and 3 in the original charges were identical with specifications 1, 2, and 3 of the amended charges, and offered in evidence the answer filed by appellant to the original charges, for the purpose of proving that he had admitted the essential facts upon which specifications 1, 2, and 3 of the amended charges were based. The court received the evidence over the objection and exception of appellant.

Appellant introduced no evidence in defense of any of the charges, except his testimony in answer to charge No. 9.

The court then took the case under advisement and on April 29, 1929, rendered its decision finding the facts to be as alleged in specifications 1, 2, 3, 9, and 11; that appellant was guilty of malpractice, professional misconduct, and conduct prejudicial to the administration of justice, and should therefore be disbarred.

All the other charges were dismissed by the court, "but not upon the merits."

■ The first assignment of error necessary to be noticed relates to charges 2 and 3, which allege that months prior to the filing of the proceeding appellant had collected money in one instance from and in another instance for a client, and failed to account therefor other than by means of checks which were worthless and which were not made good until after complaint was made to the committee. The court properly refused to dismiss these charges.

Another assignment of error relates to the refusal of the court to consolidate original charges 5, 6, 7, and 8. Since these charges were dismissed, it is not perceived wherein appellant was injured by the court's refusal to consolidate them.

■ The refusal of the court to permit the filing of a plea on the day set for the trial is assigned as error. By order dated March 7, 1929, appellant was given until March 20th to answer the amended charges. He waited until April 8th, the day set for the trial, when he sought to file a demurrer and later a plea. In the circumstances it was within the discretion of the court to refuse to permit him to file either. Moreover, the record shows that he was afforded an opportunity to argue "the point of law" raised by the demurrer, but did not do so.

■ The order of proof is within the sound judicial discretion of the trial court. A gross abuse of that discretion must appear to warrant review by an appellate court. Goldsby v. United States, 160 U. S. 70, 16 S. Ct. 216, 40 L. Ed. 343. In the present case there were 15 separate charges. The court well may have concluded upon the introduction of evidence in support of a single charge that it would be unnecessary to proceed further. Under appellant's contention, if there had been 25 charges instead of 15, it would have been necessary for the Grievance Committee to introduce evidence in support of all the charges before resting. The order of the court was reasonable and in no way to the prejudice of appellant.

■ It was not error for the court to ·receive in evidence appellant's answer to original charges 1, 2, and 3 as proof of amended charges 1, 2, and 3, which were identical with the original charges. It was not necessary to call witnesses to prove what appellant had admitted.

■ We shall not review the evidence in support of the charges upon which appellant was convicted. It is sufficient to say that there was substantial evidence in support of each of these charges, and that there was therefore a proper basis for the judgment of the court. Curtis v. Whiteford, 59 App. D. C. 330, 41 F.(2d) 302. Appellant was accused and convicted of making false statements in the municipal court for the purpose of deceiving the court; of making collections and giving worthless checks to his clients; of leading a client to believe that he merely had obtained a judgment, when he had in fact collected the judgment; and of failing to make payment on a judgment against his client when money with which to make the payment had been given him by his client.

Other assignments of error have been considered and found without merit.

Judgment is affirmed, without costs.

Affirmed.